**EFiled: Jun 17 2020 10:11AM EDT**
**Filing ID 65705332**
**Case Number 473,2019**

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHURKI THOMAS, | § | |
| | § | No. 473, 2019 |
| Defendant Below, | § | |
| Appellant | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID: N1409004992, N1409006424 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 10, 2020
Decided: June 16, 2020

Before **SEITZ,** Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

**O R D E R**

This 16th day of June, 2020, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     In 2015, Shurki Thomas pleaded guilty in the Superior Court to aggravated possession of cocaine in a Tier 4 quantity and robbery in the second degree. Both charges are classified as violent felonies under 11 *Del. C.* § 4201(c). Upon acceptance of the pleas, the court sentenced Thomas to fifteen years at Level 5 (incarceration) suspended for one year at Level 3 (intensive supervision) on the cocaine charge and five years at Level 5, suspended upon civil commitment to the Delaware Psychiatric Center, for two years at Level 3.

(2) On six separate occasions between July 2016 and October 2019, the Superior Court found that Thomas had violated his probation and, on each occasion, resentenced him. On October 21, 2019—the most recent of the six occasions—the court resentenced Thomas, imposing an aggregate sentence of seventeen years at Level 5 (incarceration).

(3) In this direct appeal, Thomas challenges his October 21, 2019 sentence. He does not contend that the sentence falls outside the statutory limits prescribed by the Delaware General Assembly for the offenses he committed. Instead, Thomas argues that the interests of justice require that we vacate his sentence because psychiatric hospitalization is "[the] better milieu [in which] to address [his] dire mental health needs and to manage his reintegration into the community…."[1] Thomas's argument misapprehends the standards by which we review the Superior Court's sentencing decisions. "[G]enerally speaking, our review ends upon a determination that the sentence is within the statutory limits prescribed by the legislature. Where the sentence falls within the statutory limits, we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[2]

---

[1] Opening Br. at 1.
[2] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006) (footnotes omitted).

(4)    We are satisfied that none of the impermissible considerations mentioned above formed the basis of the Superior Court's sentencing.  To the contrary, the sentencing judge, who had followed Thomas's case "for a number of years,"[3] found that Thomas posed a danger to the community and himself and that the never-ending cycle of commitment to and release from the Delaware Psychiatric Center was detrimental to Thomas.  These conclusions were supported by the evidence the Superior Court considered, and reliance on them was not an abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] App. to Opening Br. at A245.